The document below is hereby signed.

Signed: August 7, 2020



_____
S. Martin Teel, Jr.
United States Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF COLUMBIA

```
In re                          )
                               )
ERIN MICHELLE ROSEBAR,         )   Case No. 20-00006
                               )   (Chapter 13)
             Debtor.           )
_____)
                               )
DAVID BROOKS,                  )
                               )
             Plaintiff,        )
                               )
       v.                      )   Adversary Proceeding No.
                               )   20-10018
ERIN MICHELLE ROSEBAR,         )   Not for publication in
                               )   West's Bankruptcy Reporter.
             Defendant.        )
```

MEMORANDUM DECISION RE DISMISSING ADVERSARY PROCEEDING

The complaint in this adversary proceeding, as to which summons has not yet been issued, seeks a determination that the debt owed to the plaintiff is nondischargeable. The complaint invokes 11 U.S.C. § 523(a)(6) but that provision does not apply in the debtor's bankruptcy case that was pending under Chapter 13 of the Bankruptcy Code. However, the allegations can be read as establishing a claim of nondischargeability under 11 U.S.C. § 1328(a)(4).

The bankruptcy case within which this adversary proceeding began has been dismissed.  However, subject matter jurisdiction is tested as of the date an adversary proceeding begins, and the dismissal of the main case does not automatically strip the court of subject matter jurisdiction.  *Swinson v. Coates & Lane, Inc. (In re Swinson)*, No. 00-00507, 2004 WL 3779953, at *3 (Bankr. D.D.C. July 27, 2004), citing and quoting *In re Porges*, 44 F.3d 159, 162-63 (2d Cir. 1995), and citing, 65 F.3d 78, 80-82 (7th Cir. 1995); *In re Querner*, 7 F.3d 1199, 1201-02 (5th Cir. 1993); *In re Carraher*, 971 F.2d 327, 328 (9th Cir. 1992) (per curiam); *In re Morris*, 950 F.2d 1531, 1534 (11th Cir. 1992); *In re Smith*, 866 F.2d 576, 580 (3d Cir. 1989).  Nevertheless, without a bankruptcy case remaining pending, the debtor will not receive a discharge in this bankruptcy case.  Nothing will be served by retaining jurisdiction of this adversary proceeding.  Although the debtor might file a new case in the future, the debtor ought not be put to the burden of litigating a dischargeability issue that might never arise.  The dismissal of this adversary proceeding will not bar the plaintiff's filing a new dischargeability adversary proceeding in any new case.

For all of these reasons, an order follows dismissing this adversary proceeding.

[Signed and dated above.]

Copies to: All counsel of record.

R:\Common\TeelSMT\Judge Teel Docs\Brooks v. Rosebar (Erin Michelle Rosebar) - Dischargeability Complaint - Memo re Dismissing.wpd